UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Timothy Dupont

    v.                                    Civil No. 08-cv-385-SM

State of New Hampshire

**REPORT AND RECOMMENDATION**

Timothy Dupont is an inmate in the custody of the New Hampshire Department of Corrections pursuant to his 2001 New Hampshire conviction on 69 counts of felonious sexual assault. Dupont has filed this petition for a writ of habeas corpus (document no. 1) pursuant to 28 U.S.C. § 2254. The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d). As discussed below, I find that this court lacks subject matter jurisdiction to consider this matter, and recommend that the petition be dismissed on that basis.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the

magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Dupont has filed this petition for a writ of habeas corpus challenging the legality of his conviction on a number of

grounds. Dupont previously filed a petition for a writ of habeas corpus in this Court challenging the same conviction he is challenging here. See Dupont v. Coplan, Civ. No. 03-287-SM. That petition was resolved against Dupont by Order of the Court (McAuliffe, C.J.) on August 27, 2003. Dupont attempted an appeal of the Court's decision, but was denied a certificate of appealability on October 28, 2003. On August 4, 2004, the Court of Appeals for the First Circuit also denied Dupont a certificate of appealability, and the appeal was terminated on that date.

## Discussion

Dupont's current petition was filed on September 17, 2008, which makes it subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. See Pratt v. United States, 129 F.3d 54, 56, 58 (1st Cir. 1997). AEDPA requires approval of the Circuit Court of Appeals before a second or successive habeas corpus petition made pursuant to 28 U.S.C. § 2254 may be filed in a federal district court, even if the petition raises new factual grounds for relief. See 28 U.S.C. § 2244(b)(3); Rodriguez v. Superintendent, Bay State Corr. Ctr., 139 F.3d 270, 272 (1st Cir. 1998). AEDPA's prior approval provision allocates subject matter jurisdiction to the court of

appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the federal court of appeals has decreed that it may go forward. See Pratt, 129 F.3d at 57 (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)). A district court must, therefore, either dismiss without prejudice or transfer to the court of appeals an unapproved second or successive habeas petition. See id.

I find that the instant petition for habeas corpus is Dupont's second habeas petition arising from his present incarceration for the same underlying criminal matter. Since Dupont did not first obtain clearance from the First Circuit Court of Appeals before filing this petition, this Court has no jurisdiction to consider this petition, and I recommend that it be dismissed without prejudice to Dupont seeking the necessary clearance to pursue another habeas petition in this Court. See 28 U.S.C. § 2244(b)(3); see also Pratt, 129 F.3d at 57 (finding district court without jurisdiction to consider successive habeas petitions absent prior Circuit approval).

## Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to

file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                   /s/ James R. Muirhead
                                                   James R. Muirhead
                                                   United States Magistrate Judge

Date:     February 4, 2009

cc:       Timothy Dupont, pro se